**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: July 1, 2020
Date Decided: July 24, 2020

Michael A. Pittenger, Esquire
Berton W. Ashman, Jr., Esquire
David M. Hahn, Esquire
Elizabeth M. Taylor, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

Rudolf Koch, Esquire
Kevin M. Gallagher, Esquire
Ryan D. Konstanzer, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Re: *The Anschutz Corporation, et al. v. Brown Robin Capital, LLC, et al.*
C.A. No. 2019-0710-JRS

Dear Counsel:

Plaintiff, LightEdge Holdings, LLC ("LightEdge"), has moved for reargument

(or clarification) under Court of Chancery Rule 59(f) (the "Motion") following the

Court's June 11, 2020 Memorandum Opinion (the "Opinion").[1]  In the Opinion,

I dismissed some of the claims stated in LightEdge's Complaint relating to its

purchase of OnRamp Access, LLC from Sellers, but denied dismissal as to its breach

---

[1] D.I. 64 (The "Motion"); *The Anschutz Corp. v. Brown Robin Capital, LLC*, 2020 WL 3096744 (Del. Ch. June 11, 2020).  Capitalized terms in this letter opinion assume the same meaning as the Opinion unless otherwise defined.

of contract, common law fraud, fraudulent inducement and unjust enrichment claims.[2] Among the counts I dismissed was Count II, which pled a "Fraudulent and Intentional Breach of Contract" claim. I dismissed Count II principally because I found that LightEdge had not opposed dismissal of that claim in its briefing or at oral argument.[3]

Although LightEdge now maintains that it did, in fact, oppose dismissal of Count II, in its Motion it advances only a "request [for] clarification that the Opinion does not preclude Buyer from seeking to recover damages in excess of the contractual liability cap in connection with its remaining breach of contract claims if it can show that the Defendants engaged in 'fraud or intentional misrepresentation.'"[4]

---

[2] *Id.* at *19.

[3] *Id.* at *5 n.76.

[4] Motion at ¶ 2.

A motion for reargument "can be a useful tool if . . . [the judge] has failed to respond to an argument of counsel."[5] Although I remain satisfied that Plaintiff did not substantively oppose dismissal of Count II, I will endeavor, again, to clarify what exactly Plaintiff must prove in order to recover damages in excess of the contractual cap.[6] In holding that LightEdge could pursue its "contractual fraud" claims, I explained:

> Buyer's so-called contractual fraud claims fall within the *Abry* exception. Specifically, Buyer alleges the OnRamp Insiders knew the representations included in Sections 2.6, 2.10, 2.11 and 2.20 were false, and yet made them anyway. And Buyer has explicitly prayed for rescission of the UPA to remedy the alleged fraud, a remedy the UPA forbids for breach of contract claims. As the *Abry* court recognized, *to hold that Buyer can recover only capped damages for knowingly false*

---

[5] *Manti Hldgs., LLC v. Authentix Acq. Co., Inc.*, 2019 WL 3814453, at *1 (Del. Ch. Aug. 14, 2019).

[6] LightEdge's protestations that it did oppose dismissal of Count II are unconvincing. First, it points to a sentence in its Answering Brief where it stated "the Court should deny Defendants' motion to dismiss in its entirety." Motion ¶ 5. It then points to the heading of a section of its brief that states, "LightEdge's Breach of Contract Claims Easily Satisfy Rule 8's Notice Pleading Standard." *Id.* Neither of these conclusory statements was followed by any genuine attempt to rebut Defendants' arguments that the fraudulent breach claim as stated in Count II should be dismissed. Each of the other arguments identified by the Motion appeared in the section of its Answering Brief discussing why its *fraud* claims should not be dismissed. *Id.*

*contractual representations would be to countenance and immunize fraud.*[7]

Although this section of the Opinion identified only the remedy of rescission in its treatment of LightEdge's claim that the UPA contained intentional (fraudulent) misrepresentations, in so doing, and consistent with the cited case law, I intended to (and implicitly did) recognize that LightEdge can pursue extra-contractual, rescissory-like damages if it proves the UPA itself was a vehicle for fraud. Dismissal of Count II does not affect that conclusion. I trust this clarifies what damages LightEdge may recover should it prove its case.

Based on the foregoing, the Motion for Argument, to the extent it sought clarification of the Opinion, is GRANTED.

**IT IS SO ORDERED**.

Very truly yours,

*/s/ Joseph R. Slights III*

---

[7] Opinion at *15 (emphasis provided).